IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT GINGERICH,<br><br>　　　　Petitioner<br><br>　　v.<br><br>ERIC TICE,<br><br>　　　　Respondent | Case No. 1:19-cv-163 Erie<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>OPINION AND ORDER ON RESPONDENT'S<br>MOTION TO DISMISS [ECF No. 10] |

I. Introduction

Petitioner Albert Gingerich, an inmate incarcerated at the State Correctional Institution at Somerset (SCI-Somerset), initiated this action on June 3, 2019, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 1. Petitioner is challenging the judgment of sentenced imposed upon him by the Court of Common Pleas of Crawford County on November 6, 2015, at CP-20-CR-0000164-2015. ECF No. 10-6. Petitioner raises the following four grounds for relief:

1. Ineffective assistance of counsel (IAC) based on trial counsel's failure to conduct an adequate pre-trial investigation;

2. IAC based on trial counsel's failure to present evidence of Petitioner's mental retardation at sentencing;

3. Petitioner's guilty plea was coerced by Mennonite church authorities; and

4. IAC based on trial counsel's failure to conduct an adequate pre-trial investigation.[1]

*Id.*

---

[1] Grounds one and four appear to be substantively identical.

1

On September 6, 2019, Respondents filed the instant motion to dismiss in lieu of an answer. ECF No. 10. Respondents raise two defenses: that the petition is untimely, and that each of the four grounds for relief raised in the amended petition has been procedurally defaulted. *Id.* Petitioner filed a response to the motion to dismiss on May 7, 2020. ECF No. 18. This matter is ripe for disposition.²

II.     Analysis

Respondents first contend that the petition is untimely under AEDPA, which generally requires a state prisoner to file his or her federal petition within one year after his or her conviction becomes final. 28 U.S.C. § 2244(d); *Thompson v. Adm'r N.J. State Prison*, 701 Fed. Appx. 118, 121 (3d Cir. 2017). A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A). However, the filing of a post-conviction relief petition may statutorily toll (i.e., suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *See Caldwell v. Mahally, et al.*, 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any

---

² The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

"properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id.* Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id.*

Here, the trial court sentenced Petitioner on November 6, 2015. ECF No. 10-6. Petitioner had thirty days to appeal his conviction and sentence to the Superior Court but did not do so. *See* Pa. R. App. P. 903. Therefore, his judgment of sentence became final on December 6, 2015, and the one-year AEDPA clock began to run the next day.

On October 14, 2016, Petitioner filed a petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. C. S. A. § 9545, et seq. ("PCRA petition"). *See* ECF No. 10-7. As of that date, 313 days of the AEDPA clock had expired. As noted above, Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding. Because Petitioner's PCRA petition was "properly filed," the statute of limitations was tolled until June 4, 2018, the last date on which Petitioner could have filed a Petition for Allowance of Appeal from the Superior Court's May 4, 2018 order denying PCRA relief. See ECF No. 10-14 (Superior Court opinion denying PCRA relief dated May 4, 2018); Pa. R. App. P. 1113(a) (Petition for Allowance of Appeal to the Pennsylvania Supreme Court must be filed within 30 days of Superior Court decision). At that point, Petitioner had 52 days remaining (365 days – 313 days = 52 days) in which to file a timely habeas petition, or until July 26, 2018. His petition, filed on June 3, 2019, missed that mark by over ten months. ECF No. 1.

Before dismissing the petition as untimely, the Court must consider whether AEDPA's statute of limitations should be equitably tolled. *See Robinson v. Johnson*, 313 F.3d 128, 134 (3d

Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)). To receive the benefit of equitable tolling, Petitioner must demonstrate that he: (1) pursued his rights diligently, and (2) extraordinary circumstances prevented him from filing a timely petition. *Holland*, 560 U.S. at 649. Petitioner bears a "strong burden to show specific facts" supporting equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has made no attempt to meet this burden. He has not offered any explanation for the delays that resulted in the untimeliness of his § 2254 petition or suggested that he "was prevented from managing his affairs or understanding his appeal rights." *United States v. Johnson*, 743 Fed. Appx 153, 159 (3d Cir. 2018) (*cert. denied* 139 S. Ct. 471 (2018)). Nor has he described any steps he took to diligently pursue his federal claims or established that extraordinary circumstances prevented him from filing. The lone argument raised in his reply brief with respect to timeliness is that his "petition for habeas corpus was timely filed, because the period in which petitioner could have sought discretionary review by the Pennsylvania Supreme Court (30 days), extended the time limitation to May 4, 2019." *See* ECF No. 18 at 2. As explained above, this principle, while generally accurate, does not salvage the timeliness of the instant petition.[3]

In short, Petitioner has failed to present any specific facts supporting the application of equitable tolling. As a result, federal review of each of the four grounds raised in Petitioner's § 2254 petition is barred by AEDPA's one-year statute of limitations. Moreover, because

---

[3] Based on this argument, it appears that Petitioner incorrectly believes that the filing of his PCRA petition restarted (rather than tolled) the one-year AEDPA statute of limitations.

Respondents' timeliness defense is clearly dispositive, the Court need not consider whether Petitioner's claims are also procedurally defaulted.

III. Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court concludes that jurists of reason would not find it debatable whether Petitioner's claims are barred by AEDPA's statute of limitations. Accordingly, a certificate of appealability will be denied.

IV. Conclusion

For the reasons stated herein, Respondent's motion to dismiss [ECF No. 10] is GRANTED. Because Petitioner did not file his § 2254 petition within the one-year AEDPA limitations period and no tolling or other exceptions apply, his petition is dismissed with prejudice, and no certificate of appealability should issue. The Clerk is directed to mark this case closed.

*[signature]*
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: May 21, 2020